UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jafet L.C.,                                                       Civil No. 26-903 (DWF/EMB)

          Petitioner,

v.
                                                MEMORANDUM
Pamela Bondi, *Attorney General*; Kristi     OPINION AND ORDER
Noem, *Secretary, U.S. Department of
Homeland Security*; Todd M. Lyons,
*Acting Director of Immigration and
Customs Enforcement*; and David
Easterwood, *Acting Director, St. Paul
Field Office Immigration and Customs
Enforcement*,

          Respondents.

## INTRODUCTION

This matter is before the Court on Petitioner Jafet L.C.'s petition for a writ of habeas corpus ("the Petition"). (Doc. No. 1.) Respondents filed a form response asserting authority to detain Petitioner under 8 U.S.C. § 1226(a). (Doc. No. 5.) For the reasons set forth below, the Court grants the Petition and orders Respondents to release Petitioner immediately.

## BACKGROUND

Petitioner is a citizen of Mexico and a resident of Brooklyn Park, Minnesota. (Doc. No. 1 ¶¶ 11, 18.) Petitioner is 35 years old and has lived in the United States since he was ten years old—for nearly 25 years. (*Id.* ¶¶ 2, 18.) Petitioner has three children who are U.S. citizens and is the primary wage earner for his immediate family. (*Id.* ¶¶ 2,

CASE 0:26-cv-00903-DWF-EMB    Doc. 8    Filed 02/03/26    Page 2 of 5

18.) Petitioner received a U-Visa in September 2014 as the victim of a qualifying crime who cooperated with the investigation of the crime. (*Id.* ¶¶ 2, 19.) Petitioner applied to adjust his status to permanent resident when he was eligible in 2020, but that application was denied in October 2023. (*Id.* ¶ 19.)

U.S. Immigration and Customs Enforcement ("ICE") agents stopped Petitioner while driving and arrested him without a warrant on January 30, 2026. (*Id.* ¶¶ 3, 21.) ICE agents claimed that they were looking for someone with a car that matched his car's description, and although Petitioner was not the person ICE claims it was looking for, the agents arrested Petitioner. (*Id.* ¶ 21.) Upon belief, Petitioner is being held at Fort Snelling in Minnesota. (*Id.* ¶¶ 9, 11.)

Petitioner filed the Petition on January 30, 2026. (*Id.* at 21.) Petitioner asserts that his detention under 8 U.S.C. § 1225(b)(2) is unlawful because it violates the Due Process Clause of the Fifth Amendment and the Immigration and Nationality Act. (*Id.* ¶¶ 56-69.) Petitioner requests, among other things, immediate release from detention and that his personal property and possessions be returned to him. (*Id.* at 20-21.) Also on January 30, 2026, the Court ordered Respondents to answer the Petition by February 2, 2026, at 12:00 p.m. CT, and enjoined Respondents from moving Petitioner from this District pending further order. (Doc. No. 3.) Respondents filed a response. (Doc. No. 5.)

## DISCUSSION

A district court may provide habeas relief to a person who is being detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). That

2

authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900-01 (D. Minn. 2020). The burden is on the petitioner to prove illegal detention by a preponderance of the evidence. *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

Respondents submitted a response, asserting authority to detain Petitioner under 8 U.S.C. § 1226(a). Petitioner responds that detention under § 1226(a) is unlawful because his arrest was made without a warrant and because Respondents failed to produce any evidence to support the lawfulness of Petitioner's detention. (Doc. No. 6 at 2-5.)

The Court agrees with Petitioner. Here, Respondents argue that Petitioner was lawfully detained under § 1226(a). That statute provides that "*[o]n a warrant issued by the Attorney General*, [a noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." 8 U.S.C. § 1226(a) (emphasis added). There is no evidence that Respondents had a warrant. In fact, Respondents do not even attempt to argue that they had a warrant. (Doc. No. 5.) Instead, Respondents gloss over the warrant requirement by citing to § 1226 and *omitting* the language specifically requiring a warrant. (*See* Doc. No. 5 at 2 (citing to § 1226 but omitting the first clause of the sentence reading "[o]n a warrant issued by the Attorney General").) In addition, any factual assertion that Respondents were executing a warrant when detaining Petitioner is belied by the fact that the ICE agents who detained Petitioner were allegedly looking for someone else, not Petitioner. (Doc. No. 1 ¶ 21.)

3

Contrary to Respondents' misleading recitation of § 1226(a), there is no dispute that "issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Cristian Z. v. Bondi*, No. 26-cv-157, 2026 WL 123116, at *2 (D. Minn. Jan. 16, 2026) (citation modified); *see* 8 U.S.C. § 1226(a).[1] Without a warrant, ICE does not have authority to detain a noncitizen under § 1226(a). *See Cristian Z.*, 2026 WL 123116, at *2 (collecting cases). Because ICE did not have a warrant to detain Petitioner, Petitioner's detention is unlawful. The remedy for a warrantless arrest is immediate release. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation omitted)).

## ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Petitioner's petition for writ of habeas corpus (Doc. No. [1]) is **GRANTED**.

2. The Court **DECLARES** that Petitioner's current detention is unlawful under the Constitution and laws of the United States.

---

[1] The Court would like to believe that Respondents' omission of the statutory language requiring a warrant was an oversight. Any omission of material statutory language is misleading and could be considered misrepresentation by omission. Going forward, the Court expects Respondents to accurately, and completely, describe the legal requirements of detention under § 1226(a), including, of course, the warrant requirement.

3. Respondents are **ORDERED** to release Petitioner from custody immediately.

4. Within three (3) days of the date of this Order, the Government shall provide the Court with a status update confirming Petitioner's release.

5. Respondents are directed to release Petitioner: (1) in Minnesota; (2) with all personal documents and belongings, such as his driver's license, work permit, passport, other immigration documents, and cell phone; (3) without conditions such as ankle monitors or tracking devices; and (4) with all clothing and outerwear he was wearing at the time of detention, or other proper winter attire. In addition, Respondents shall provide reasonable advance notice to counsel to arrange for a safe release of Petitioner.

6. Respondents are **ENJOINED** from re-detaining Petitioner under this same statutory theory, absent materially changed circumstances.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 3, 2026              s/Donovan W. Frank
                                     DONOVAN W. FRANK
                                     United States District Judge