**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Jafet L.C.,                                                                          Civil No. 26-903 (DWF/EMB)

          Petitioner,

v.

Todd Blanche, *Acting Attorney General*[1];                    **MEMORANDUM**
Markwayne Mullin, *Secretary, U.S.*                               **OPINION AND ORDER**
*Department of Homeland Security*;
Todd M. Lyons, *Acting Director of*
*Immigration and Customs Enforcement*;
and David Easterwood, *Acting Director,*
*St. Paul Field Office Immigration and*
*Customs Enforcement*,

          Respondents.

**INTRODUCTION**

This matter is before the Court on Petitioner Jafet L.C.'s motion for attorney fees

pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. No. 11.) Respondents

submitted a response in which they agree that Petitioner is a prevailing party and take no

position on the remainder of the fee request. (Doc. No. 19.) For the reasons set forth

below, the Court grants the motion and awards attorneys' fees to Petitioner's counsel in

the amount of $3,532.95.

---

[1]    Todd Blanche and Markwayne Mullin are automatically, and respectively, substituted in as the Acting Attorney General and the Secretary, U.S. Department of Homeland Security. The Clerk of Court is directed to replace Pamela Bondi and Kristi Noem with Todd Blanche and Markwayne Mullin, respectively, on the docket.

## BACKGROUND

Petitioner, a citizen of Mexico and a resident of Brooklyn Park, Minnesota, has lived in the United States for nearly 25 years.  (Doc. No. 1 ¶¶ 2, 11, 18.)  He was detained by U.S. Immigration and Customs Enforcement ("ICE") on January 30, 2026.  (*Id.* ¶¶ 3, 21.)  Following his detention, Petitioner filed this habeas action.  In response to Petitioner's habeas action, Respondents argued that Petitioner's detention was proper under 8 U.S.C. § 1226(a).[2]  The Court granted the Petition and ordered Petitioner's release, finding that Petitioner was unlawfully detained because there was no evidence that Respondents had a warrant, which is "a necessary condition to justify discretionary detention under section 1226(a)."  (Doc. No. 8 at 4 (citation omitted).)

Petitioner now moves for an award of attorney fees under the EAJA in the amount of $3,532.95.  (Doc. No. 11.)  Petitioner retained an attorney with Mid-Minnesota Legal Aid ("MMLA") to represent him *pro bono* and assigned his attorney fee award under the EAJA to his attorney.  (Doc. No. 13 ¶¶ 4, 6.)  Petitioner has a net worth of under $2,000,000.  (*Id.* ¶ 2.)

## DISCUSSION

The EAJA provides that a party who prevails in a civil action against the United States—including a habeas action—must be awarded fees and other expenses "unless the

---

[2]   Unlike many other habeas cases filed in this district, this case did not center on the decisive question of whether a noncitizen who had entered the United States without inspection is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

court finds that the position of the United States was substantially justified . . . ."
28 U.S.C. § 2412(d)(1)(A).

Here, Petitioner is the prevailing party.  The Court granted his petition and entered judgment, ordering, among other things, Petitioner's immediate release.  (Doc. No. 8.)  In their response, Respondents agree that Petitioner is a prevailing party.  (Doc. No. 19.)

The Court turns to the question of whether the government's position was "substantially justified."  28 U.S.C. § 2412(d)(1)(B).  A "substantially justified" position "need not be correct" so long as it has "a reasonable basis in law and fact."  *Bah v. Cangemi*, 548 F.3d 680, 683-84 (8th Cir. 2008) (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)).  The government bears the burden of proving that its position—in this case, its position that Petitioner's detention was proper under 8 U.S.C. § 1226(a)—was substantially justified.  *See Friends of the Boundary Waters Wilderness v. Thomas*, 53 F.3d 881, 885 (8th Cir. 1995).  Notably, Respondents take no position on the substantial-justification question.  (Doc. No. 19.)  Having made no argument, Respondents have not met their burden of proving that its position was substantially justified.  The Court finds that Petitioner is entitled to fees.

Having determined that Petitioner is entitled to an award of fees, the Court turns to the amount.  The EAJA caps reasonable fees at $125 per hour, but a court can adjust the amount to account for cost of living and other special factors.  28 U.S.C. § 2412(d)(2)(A).  The statute specifically considers "the limited availability of qualified attorneys for the proceedings involved" as justification for a higher award.  *Id.*  Petitioner's counsel requests $3,532.95 for 13.53 hours of work.  (Doc. No. 14-1.)  Respondents do not

contest the rates used or the number of hours submitted.  The Court finds both reasonable.  In addition, the Court finds that Petitioner is entitled to a cost-of-living adjustment using the consumer price index for urban consumers ("CPI-U").  The CPI is an appropriate method of calculating increased cost of living.  *See Hickey v. Secretary of HHS*, 923 F.2d 585, 586 (8th Cir. 1991).  The CPI-U index level in January 2026, the month Petitioner became a prevailing party, was 325.252.  *Consumer Price Index – January 2026*, U.S. Bureau of Lab. Stat. (Feb. 13, 2026), https://www.bls.gov/news.release/archives/cpi_02132026.htm.  Using a formula adopted in *Greenhill v. United States*, 96 Fed. Cl. 771, 784 (2011), the adjusted rate is $261.12 ($125 × 325.252 ÷ 155.7).[3]  Petitioner's legal team spent 13.53 hours of attorney time on Petitioner's habeas matter.  Using the adjusted rate, Petitioner's counsel is entitled to an award of $3,532.95.

## ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Petitioner's motion for attorney fees (Doc. No. [11]) is **GRANTED**.

2. Petitioner's counsel is awarded $3,532.95 in attorney fees.

---

[3]    In *Greenhill*, the court explained:  "To determine a [cost-of-living adjustment], the Court multiplies the base EAJA rate of $125 by the CPI-U for the month the time was billed.  This product is then divided by 155.7, the CPI-U in March 1996 when the statutory cap was last amended."  96 Fed. Cl. at 784 (citation omitted).

5

3.      The Clerk of Court shall replace Pamela Bondi and Kristi Noem with Todd Blanche and Markwayne Mullin, respectively, on the docket.


Dated:  May 15, 2026                        s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            United States District Judge